# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

DAVID SCOTT GULICK,

    Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

No. C 13-4038-MWB

**ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES**

_____

## I. INTRODUCTION

This case is before me on Plaintiff David Gulick's (Gulick's) application for attorney's fees (docket no. 16). Gulick's application follows my order in which I accepted Judge Strand's Report and Recommendation (R&R), reversed the Commissioner of Social Security's (the Commissioner's) decision denying Gulick disability benefits, and remanded Gulick's claim to the Commissioner for further consideration (docket no. 14). The Clerk entered judgment in favor of Gulick on March 11, 2014 (docket no. 15).

In his application, Gulick requests $7,786.11 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). In support of his application, Gulick submits (1) an itemized billing record documenting the hours that Gulick's lawyer, Ruth Carter (Carter), spent working on the case, and (2) CPI tables used in calculating Carter's cost-of-living adjustments to her fees.

The Commissioner resists Gulick's motion, but only as to the amount of the fee award (docket no. 17). The Commissioner does not object to an award of fees generally, but the Commissioner argues that the amount requested is unreasonable

given Gulick's lawyer's skill, the issues raised in the case compared to the issues on which Gulick actually prevailed, the complexity of the case, and the allegedly excessive hours spent performing certain tasks. The Commissioner suggests an award of $3,700 would be appropriate.

After reviewing the record and the parties' submissions, I agree with the Commissioner that Gulick's request for $7,786.11 is not reasonable. I therefore award attorney's fees in the amount of $3,700.

## II.   ANALYSIS

"[F]ees and other expenses" may be awarded to a "prevailing party" in a Social Security appeal under the EAJA, "unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). For purposes of this subsection, "fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). In order to obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). A judgment against the Commissioner is no longer appealable after 60 days. Fed. R. App. P. 4(a)(1)(B)(iii) ("The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States officer or employee sued in an official capacity[.]"). Thus, a judgment against the Commissioner becomes final 60 days after the Clerk enters that judgment.

If attorney's fees are appropriate, the reasonable hourly rate for such fees is set by statute at $125, "unless the court determines that an increase in the cost of living or

a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour [(the applicable statutory amount in the case)], enhanced fees should be awarded.").

Here, the parties do not dispute, and I find, that Gulick is a prevailing party. I also find that the position of the United States was not substantially justified, at least as to the issue on which Gulick's case was ultimately remanded. The Commissioner, who bears the burden of proving substantial justification, does not claim that her position *on that issue* was substantially justified and instead agrees that Gulick should receive at least some EAJA award. *See Herman v. Schwent*, 177 F.3d 1063, 1065 (8th Cir. 1999) (noting that the Commissioner bears the burden of proving substantial justification). But I agree with the Commissioner that Gulick's request for $7,786.11 is excessive for a few reasons: Gulick's counsel is very experienced, the issues raised by Gulick were typical of most social security appeals, and the record in this case was not unusually long or complicated. Moreover, most of Gulick's arguments on appeal were rejected by Judge Strand and myself. Despite the ordinary nature of this case and Carter's substantial experience doing social security work, Carter spent 41.61 hours working on this case. While the parties dispute what an "average" EAJA award is, based on my experience, Carter's request is significantly above average when it comes to cases like this. Such an above-average award is not warranted here. I find instead that the Government's suggested fee of $3,700 is reasonable.

I, therefore, grant Gulick's application for attorney's fees, but only in the amount of $3,700. In *Astrue v. Ratliff*, the United States Supreme Court held that, under the EAJA, statutory attorney's fees awards must be payable to the prevailing

3

social security plaintiff, not his or her attorney. 560 U.S. 586, 130 S. Ct. 2521, 2529 (2010). Thus, I find that Gulick's award must be payable directly to Gulick.

### III. CONCLUSION

**THEREFORE,** Gulick's application for attorney's fees under the EAJA (docket no. 16) is **granted**. I award Gulick $3,700 in attorney's fees under the EAJA, which is subject to offset for any debts Gulick may owe to the United States. The fee award shall be paid by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(4) ("Fees and other expenses awarded under this subsection to a party shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise."). If consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be mailed to Gulick's attorney, Carter. *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1011 (E.D. Ark. 2011) (directing that EAJA "award be made payable to the plaintiff . . . and mailed to [plaintiff's attorney], pursuant to the Commissioner's standard method of issuing payment").

**IT IS SO ORDERED**.

**DATED** this 27th day of August, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA